UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GENIENE M. GUGLIELMO,

                       Plaintiff,

         - against -

NED KOPALD, Individually and in his
official capacity as a member of the Board of
Education; DAVID DeLEO, Individually and
in his official capacity as a member of the
Board of Education; ROXANNE DONNERY,
Individually and in her official capacity as a
member of the Board of Education; KEVIN
D'ONOFRIO, Individually and in his official
capacity as a member of the Board of
Education; JAMES DUNLAP, Individually
and in his official capacity as a member of the
Board of Education; ELEANOR LAVELLE,
Individually and in her official capacity as a
member of the Board of Education; PATRICIA
HANNIGAN, Individually and in her official
capacity as a member of the Board of
Education; RACHELLE HARMER,
Individually and in her official capacity as a
member of the Board of Education;
HIGHLAND FALLS/FORT MONTGOMERY
CENTRAL SCHOOL DISTRICT,

                       Defendants.
------------------------------------------------------------x

05 Cv. 7887 (CLB)

*Memorandum and Order*

Brieant, J.

       On June 25, 2007, this Court referred this action to Magistrate Judge Lisa Margaret Smith for all purposes, including the resolution of privilege log and document discovery issues, the determination of whether any of Defendants' counsel might be required to testify as a witness and thus necessitate the disqualification of their law firm, and "to hear and report to this Court whether or not excessive stonewalling of pretrial discovery on the part of defense counsel, which

1

appears to have occurred to date, requires some sort of sanction, including but not limited to payment of Plaintiff's counsel fees for time wasted in pursuit of the documents." (Mem. & Order 10, June 25, 2007.)

At a conference on December 11, 2007, and via a January 2, 2008 Addendum to the Order Delivered Orally on December 11, 2007, Magistrate Judge Smith disposed of the outstanding privilege and document discovery issues.  At the December 11, 2007 conference, Magistrate Judge Smith also issued an oral Report and Recommendation recommending the following: (1) that, while counsel for Defendants had been involved in preparing the School Board's evaluation of Plaintiff, Defendants will not be using an advice-of-counsel defense, so there was no need for Defendants' counsel to testify at trial or for new counsel to be brought into the case, as long as no names of individual defense counsel or their law firm are used at trial when referring to counsel for the Board or counsel for the District (Report & Recommendation Tr. 11-12, Dec. 11, 2007); (2) that if any defendant or defense witness mentions the names of defense counsel or their law firm at trial, a mistrial should be declared and Defendants should be taxed the costs of Plaintiff's counsel and the Court in having to schedule a new trial (Report & Recommendation Tr. 12:17-25); (3) that Defendants should be sanctioned for willfully delaying discovery by being required to "pay to plaintiff's counsel the costs associated with preparation of plaintiff's counsel's May 11, 2007 affirmation and . . . the costs associated with preparing the October 8th, 2007 letter brief and . . . the costs associated with [the December 11, 2007] appearance" (Report & Recommendation Tr. 13:16-14:3); (4) that if Plaintiff's counsel choose to reopen the depositions of certain Board members following Defendants' production of documents as a result of the December 11, 2007 order and January 2, 2008 addendum,

Defendants should "be taxed part of the costs associated with such reopened depositions, including the entire cost of the reporter and one half of the cost of plaintiff's counsel to conduct the depositions" (Report & Recommendation Tr. 14:9-16).

Defendants and their counsel objected to only two of Magistrate Judge Smith's recommendations. (Doc. 38 (filed December 21, 2007).) They objected that the immediate declaration of a mistrial and imposition of rescheduling costs should any defendant or defense witness refer to defense counsel by individual or firm name "does not appear to advance any cognizable interest and literally 'ties the hands' of the trial judge, creating an unnecessary risk of an unwarranted mistrial." (Defs.' Objections 4.) They also objected to the imposition of sanctions for failure to comply with their discovery obligations, arguing that "the finding of willfulness is not supported by the evidence." (Defs.' Objections 4.) "In a . . . demonstration of [their] good faith and interest in resolving these ancillary issues and moving the case forward, [defense counsel] have made an offer in writing to plaintiff's counsel to pay his reasonable attorney's fees as recommended." (Defs.' Objections 4 (citation omitted).) Defense counsel also submitted the affidavit of Eugene F. Barnosky, a name partner in their law firm, explaining that the "firm enjoys a reputation for providing its clients with zealous representation . . . [while] adhering to the highest standards of ethical conduct" and that they were "mortified" to learn of Magistrate Judge Smith's recommendation for sanctions, especially considering that, in their more than 25 years of practice, no one in the firm has ever been sanctioned. (Defs.' Objections 5 & Ex. C.)

Plaintiff filed her response to Defendants' objections on January 2, 2008, which urged this Court to uphold Magistrate Judge Smith's recommendations.

For the reasons set forth in Magistrate Judge Smith's report and recommendation, this Court adopts the report and recommendation as the decision of this Court.

X

     X

                    X

                            X

                                  X

SO ORDERED.

Dated: White Plains, New York
      February 7, 2008

                                               */s/ Charles L. Brieant*
                                            Charles L. Brieant, U.S.D.J.