UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GENIENE M. GUGLIELMO,

                        Plaintiff,

    -against-

NED KOPALD, individually and in his official
capacity, as a member of the Board of Education,
DAVID DELEO, individually and in his official
capacity as a member of the Board of Education,
ROXANNE DONNERY, individually and in her
official capacity as a member of the Board of
Education, KEVIN D'ONOFRIO, individually
and in his official capacity as a member of the
Board of Education, JAMES DUNLAP, individually
and in his official capacity as a member of the
Board of Education, ELEANOR LAVELLE,
individually and in her official capacity as a member
of the Board of Education, PATRICIA HANNIGAN,
Individually and in her official capacity as a member
of the Board of Education, RACHELLE HARMER,
individually and in her official capacity as the
Director of Business Operations of the District,
and the HIGHLAND FALLS/FORT MONTGOMERY
CENTRAL SCHOOL DISTRICT,

                     Defendants.
----------------------------------------------------------X

STIPULATION OF
SETTLEMENT AND
ORDER OF DISMISSAL

05 CIV 7887 (CLB)

      **WHEREAS**, on September 9, 2005, Plaintiff filed a Summons and Complaint in the Southern District of New York; and

      **WHEREAS**, the complaint and supporting documents alleged, among other allegations, that Defendants had wrongfully terminated the employment of the Plaintiff as Superintendent of Schools and in so doing violated her civil rights on the basis of disability, age and gender, and violated as well as her First Amendment Rights, her due process rights and retaliated against her by bringing post termination charges after she

asserted rights guaranteed to her under law and the constitution and also alleged state law claims arising from the Defendants' alleged violation of her rights under her contract of employment; and

**WHEREAS** the Complaint and supporting documents sought reinstatement to Plaintiff's position as Superintendent of Schools, back pay, front pay, compensatory damages for emotional distress and punitive damages; and

**WHEREAS**, On October 27, 2006, Defendants moved for summary judgment which was denied on June 25, 2007 by the Hon. Charles Brieant; and

**WHEREAS** in the interests of efficiency and economy the parties to this action wish to discontinue litigation;

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties and/or their respective counsel as follows:

1. The parties hereby agree that this action, above captioned, is dismissed and discontinued with prejudice as to the named Defendants, pursuant to rule 41(a) of the Federal Rules of Civil Procedure.

2. Any and all of the claims for damages by Plaintiff which are the subject of this action or otherwise arise out of any of the incidents alleged in the Complaint are hereby settled as against the named Defendants in full satisfaction of all claims and damages, costs, disbursements and legal fees on the basis hereinafter set forth. In addition, Plaintiff (hereinafter "releasor") hereby releases and forever discharges the Highland Falls-Fort Montgomery Central School District, its current and former officials and employees (hereinafter "releasees") from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants,

contracts, bonuses, controversies, agreements, promises, judgments, and damages, in law or equity, including but not limited to all claims stated in the Complaint in the above-captioned action, whether known or unknown, asserted or unasserted, which against the releasees the releasor, the releasor's heirs, executors, administrators, successors and/or assigns ever had, now have or hereafter can, shall, may have or may have had, for, upon or by reason of any matter, cause or thing whatsoever, from the beginning of the world up to and including the date of the execution of this settlement agreement, whether arising under federal, state or local laws (collectively "claim" or "claims") including, but not limited to, the Age Discrimination in Employment Act, the Older Workers' Benefit Protection Act, Title VII of the Civil Rights Act of 1964, the Family and Medical Leave Act, the Occupational Safety and Health Act, the Employee Retirement Income Security Act, the Sarbanes-Oxley Corporate Fraud and Accountability Act, the Americans with Disabilities Act, Sections 1981 through 1988 of Title 42 of the United States Code, the Immigration Reform and Control Act, the National Labor Relations Act, the False Claims Act, the New York State Human Rights Act, New York State Executive Law New York State Labor Law, and the Codes, Rules and Regulations of the State of New York, contract (express or implied), constitutional provision, and/or common law.  Dr. Guglielmo acknowledges that she has been offered a twenty-one (21) day period in which to decide whether or not to execute this stipulation of settlement and release dated July 28, 2010 and that she shall have the right to revoke the terms of this stipulation of settlement and release for the seven (7) day period following the execution of this document.  This agreement is entered into voluntarily by Dr. Guglielmo and Dr. Guglielmo has not been threatened or coerced in

any way by any other party in entering into this agreement so as to inhibit her free will or knowledge or understanding of the terms set forth herein.  Also, Defendants hereby release and forever discharge the Plaintiff from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, judgments, and damages, in law or equity, whether known or unknown, asserted or unasserted, which against the Plaintiff, the Defendants, their heirs, executors, administrators, successors and/or assigns ever had, now have or hereafter can, shall, may have or may have had, for, upon or by reason of any matter, cause or thing whatsoever, from the beginning of the world up to and including the date of the execution of this settlement agreement, whether arising under federal, state or local laws.

3.     Defendants shall pay the Plaintiff Three Hundred Thousand ($300,000) Dollars as compensable damages for her complaint allegations.  That payment shall be made within 20 days after execution of this stipulation.  Further, the Defendants shall pay the Plaintiff $65,000 on July 1, 2011 and $65,000 on July 1, 2012.  The Defendants shall treat each payment of Sixty Five Thousand ($65,000) Dollars as damages for alleged lost income and shall make the proper deductions as income for those payments.  The payment of Three Hundred Thousand ($300,000) Dollars is for damages alleged to have been caused by the Defendants, and no deductions shall be made from that payment.  The Plaintiff hereby indemnifies the Defendant, Highland Falls/Fort Montgomery Central School District, for any amounts it may be assessed as due or owing by the Plaintiff as a consequence of a ruling by the Internal Revenue Service or New York State Tax Department that should have been construed in

a manner that would require withholding of taxes as well as a contribution by the Plaintiff for FICA, Medicare, or otherwise.

4. Upon execution of this Order and Stipulation the Plaintiff and her husband shall be immediately placed on the School District's health and dental insurance plans and the Plaintiff shall pay an amount equal to ten percent (10%) of the premium cost of her health insurance coverage each year. This arrangement shall continue until Plaintiff's death.

5. Lamb & Barnosky. LLP: The Defendants previously engaged the law firm of Lamb & Barnosky as counsel in this action. Nothing in this agreement shall be construed to prevent the Defendants or the Plaintiff from pursuing claims in any venue against Lamb & Barnosky, LLP or its agents, owners, attorneys, managers or employees for any acts taken or omitted by Lamb & Barnosky, LLP in regard to this matter, and Plaintiff and her attorneys may continue to collect fees and expenses due from Lamb & Barnosky, LLP, its agents, owners, managers or employees for any acts taken or omitted by Lamb & Barnosky, LLP in regard to this matter pursuant to previous decisions of this Court imposing sanctions on Lamb & Barnosky, LLP.

6. Attorneys' fees: The Defendants shall, within twenty (20) days of the execution of this Stipulation and Order pay to the attorneys for the Plaintiff, Kuntz, Spagnuolo & Murphy, P.C., the sum of One Hundred Fifty Thousand ($150,000) Dollars. This payment will be inclusive of all attorney fees due from the Defendants to the Plaintiff.

7. Recommendation: Upon the execution of this stipulation and order, and exchange of releases, the Plaintiff shall be furnished with a letter of recommendation

signed by Kevin D'Onofrio, President of the Board of Education, which shall state in words or substance as follows:

> Geniene Guglielmo was Superintendent from January 1, 2000 to December 31, 2004. She worked tirelessly for the District during that time period and I recommend her to any employer.

Defendants shall furnish an updated copy of this letter when requested by the Plaintiff, signed by the President of the Board of Education.

8. No admission of liability: Nothing in this stipulation and order shall be construed as an admission or concession of liability or damages whatsoever by any of the Defendants with regard to any of the allegations made by the Plaintiff in the Complaint or in the supporting documents.

9. Withdrawal of Charges: The charges brought against the Plaintiff on or about July 15, 2004, and the additional charges brought on or about January 13, 2005 are hereby withdrawn with prejudice.

10. Confidentiality: The Plaintiff, the Defendants and their respective attorneys agree to keep the contents of this settlement confidential to the extent allowed by law. However, nothing in this paragraph shall prevent the Plaintiff from consulting with attorneys, her husband, family or tax professionals about the settlement.

11. Non-disparagement: The Plaintiff's and the Defendants agree not to disparage each other.

12. Discontinuance of Action: Upon the execution of this stipulation and order by the Court, the case shall be deemed discontinued. The Court, however, shall have continuing jurisdiction to enforce the terms of this Order and Stipulation.

13.     Ratification. The signature of the President of The Board of Education, Kevin D'Onofrio, attests to ratification of this Stipulation of Settlement and Order of Dismissal by the Board of Education of the Highland Falls/Fort Montgomery Central School District and that Kevin D'Onofrio as President of the Board of Education is authorized to execute same on his behalf in his capacity as President of the Board and on behalf of all other Defendants.

14.     Standing of Patricia Hannigan: Patricia Hannigan has died since the commencement of this action and the complaint is hereby withdrawn with prejudice as against her or her estate.

DATED: July 28, 2010

ENTER

*[signature]*

Honorable Lisa Margaret Smith   10/15/10

Kuntz, Spagnuolo & Murphy, P.C.
Attorneys for Plaintiff
444 Old Post Road
Bedford, New York 10506
(914) 234-6363

By: *[signature]*
Raymond G. Kuntz

Sokoloff Stern LLP
Attorney for Defendants
355 Post Avenue
Westbury, New York 11590
(516) 334-4500

By: *[signature]*
Brian Sokoloff

Entry of the Foregoing Stipulation and
Order is Hereby consented to:

*[signature]*
Geniene Guglielmo

Entry of the Foregoing Stipulation and
Order is Hereby consented to:

*[signature]*
Kevin D'Onofrio, as President of the Board of Education of
The Highland Falls-Fort Mongomery Central School District
and all other named Defendants

- 8 -